UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATTI DECOURCY,

       Plaintiff,

v.                                   Case No. 18-10380
                                      Hon. Denise Page Hood

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.

_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION AND DISMISSING ACTION

This matter is before the Court on Magistrate Judge Mona K. Majzoub's Report and Recommendation. **[Doc. No. 16]** A timely objection and a response to the objection were filed in this matter. **[Doc. Nos. 17 and 18]**

Judicial review of the Commissioner's decision is limited in scope to determining whether the Commissioner employed the proper legal criteria in reaching his conclusion. *Garner v. Heckler,* 745 F.2d 383 (6th Cir. 1984). The credibility findings of an administrative law judge ("ALJ") must not be discarded lightly and should be accorded great deference. *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). A district court's review of an ALJ's decision is not a *de novo* review. The district court may not resolve

1

conflicts in the evidence nor decide questions of credibility. *Garner*, 745 F.2d at 397. The decision of the Commissioner must be upheld if it is supported by substantial evidence, even if the record might support a contrary decision or if the district court arrives at a different conclusion. *Smith v. Secretary of HHS*, 893 F.2d 106, 108 (6th Cir. 1984); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

The Court has had an opportunity to review this matter and finds that the Magistrate Judge reached the correct conclusions for the proper reasons. Plaintiff objects to the Magistrate Judge's conclusion that the ALJ's decision was supported by substantial evidence. In support of her objection, Plaintiff makes three arguments.

Plaintiff first contends that the Magistrate Judge (like the ALJ) failed to adequately consider that her disability claim was based on pain, fatigue, and concentration difficulties, not simply seizures. The Court cannot agree. The ALJ discussed and analyzed the effect of Plaintiff's pain, fatigue, and concentration deficiencies multiple times in his decision, specifically on pages 6-9 of his decision. Dkt. No. 9, PgID 71-74. The Magistrate Judge addressed: (1) the challenges and improvement in Plaintiff's depression and energy levels, Dkt. No. 14, PgID 1180; and (2) Plaintiff's allegations of chronic pain, medication side effects, concentration difficulties, *id*. at PgID 1182-86. Plaintiff does not specify

in her objection how or why the ALJ or Magistrate Judge inadequately considered those impairments or why the information and opinions upon which they relied did not constitute substantial evidence.

Plaintiff next asserts that the Magistrate Judge erroneously concluded that substantial evidence supported the ALJ's finding that Plaintiff would be able to sustain concentration for 90% of the workday and then using that figure when designing Plaintiff's RFC limitations. Plaintiff claims that there is not substantial evidence to support the 90% figure, which Plaintiff asserts was arbitrarily chosen. Plaintiff has the burden of proving the limiting effects of her impairments, *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003); *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999). Plaintiff does not, however, indicate: (a) what percent off task the ALJ should have concluded Plaintiff was; or (b) why there is not substantial evidence to support the ALJ's finding that Plaintiff would be able to sustain concentration for 90% of the workday.

Plaintiff also argues that the Magistrate Judge improperly discounted the ALJ's computation of the number of seizures suffered by Plaintiff between 2011 and 2014. The Court disagrees. Like the Magistrate Judge, the Court finds that, although the ALJ stated that Plaintiff suffered only two such episodes between 2011 and 2014, the ALJ considered and discussed in his decision all four seizure

episodes Plaintiff endured during that time frame. Accordingly, although the ALJ erred in stating that Plaintiff only suffered two seizure episodes between 2011 and 2014, the error was harmless and there is substantial evidence in the record to demonstrate that the ALJ appropriately considered all four episodes.

For the reasons set forth above, the Court finds that the ALJ's decision, including but not limited to the determinations Plaintiff challenges in her objection, was supported by substantial evidence and was not based on any legally erroneous determination. Further, the Court accepts the Magistrate Judge's Report and Recommendation as this Court's findings of fact and conclusions of law.

Accordingly,

**IT IS ORDERED** that the Report and Recommendation of Magistrate Judge Mona K. Majzoub **[Doc. No. 16, filed January 8, 2019]** is **ACCEPTED** and **ADOPTED** as this Court's findings of fact and conclusions of law.

**IT IS FURTHER ORDERED** that Plaintiff's Objection **[Doc. No. 17, filed January 16, 2019]** is **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand Pursuant to Sentence Four **[Doc. No. 12, filed June 25, 2018]** is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment **[Doc. No. 14, filed August 24, 2018]** is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** with

prejudice.

s/Denise Page Hood
DENISE PAGE HOOD
United States District Judge

DATED: March 25, 2019